IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAAC KELLEY,

     Petitioner,                     No. CIV S-09-1680 EFB P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND               ORDER
REHABILITATION, et al.,

     Respondents.
_____/

     Petitioner, a prisoner without counsel, has filed a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

     To proceed with a civil action a plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a).

     On August 6, 2010, the court found that petitioner had failed to pay the filing fee required by 28 U.S.C. § 1914(a) and had not properly requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). The court ordered petitioner to submit within 21 days either (1) the

1 required filing fee, (2) a proper application to proceed *in forma pauperis*, or (3) the *in forma*
2 *pauperis* affidavit required by 28 U.S.C. § 1915(a)(1) along with documentation, or a
3 declaration, explaining why petitioner could not comply with 28 U.S.C. § 1915(a)(2).  The court
4 ordered the Clerk to send petitioner a form *in forma pauperis* application and warned petitioner
5 that failure to comply with the order would result in dismissal.

6    More than twenty-one days have passed and petitioner has not submitted the required
7 filing fee, an application to proceed *in forma pauperis* or otherwise responded to the court's
8 order.[1]

9    Accordingly, it is hereby ORDERED that this action is dismissed without prejudice.
10 Dated:  October 4, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] On August 12, 2010, petitioner submitted a notice of change of address.  On August 31, 2010, the Clerk reserved the August 6 order on petitioner at his new address.

2